UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW TOWNSHIP
POLICE DEPARTMENT, et al.,

       *Plaintiffs,*

CASE NO. 20-10100
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

AIRRICK BEY,

       *Defendants.*

                                      /

## REPORT AND RECOMMENDATION TO DISMISS CASE FOR LACK OF JURISDICTION[1]

### I.    RECOMMENDATION

Defendant Airrick Bey is being prosecuted in state court for ordinance violations. (ECF No. 1, PageID.59.) He has sought to remove that action to this Court. (ECF No. 1.) Because there are no grounds for removal, the Court lacks subject matter jurisdiction and therefore should **DISMISS** the case. If this recommendation is accepted, it moots Defendant's application to proceed *in forma pauperis* (IFP). (ECF No. 2.)

### II.    REPORT

    **A.**    **Factual Background**

Defendant's notice of removal is hard to parse, and many of his attachments from the

---

[1] Defendant's case caption, and thus the docket caption, includes numerous other plaintiffs and a different name for Defendant, Airrick Bey. Because this case was removed from state court, I will use the parties and spellings from the underlying case. Defendant has not raised any discernable claims against the additional plaintiffs or sought to add them to the case.

1

underlying state-court matter are illegible.[2] It is clear, however, that the case Defendant seeks to remove was brought by "The People of Township of Saginaw" for Defendant's violation of two Saginaw ordinances creating misdemeanor offenses. (ECF No. 1, PageID.59.); *see also* Saginaw Twp. Code, § 38-2 ("Violations of this chapter are a misdemeanor unless stated otherwise in this chapter.").[3] The first violation was for resisting or hindering police, Saginaw Twp. Code, § 38-31, and the second for trespass, *id.* at § 38-91. (ECF No. 1, PageID.59.)

Defendant's notice of removal does not shed much light on the case. The most he says about the facts is that the police arrested him while he was walking through a mall. (*Id.*, PageID.7.) The rest of the notice is a mélange of sovereign-citizen type assertions. Defendant claims to be an "Aboriginal Indigenous Moorish-American . . . bound to the Zodiac Constitution." (*Id.*, PageID.3.) As a Moor, Defendant appears to claim rights under a nineteenth-century treaty between Morocco and the United States. (*Id.*, PageID.4.) What those rights have to do with this case is not apparent.

Despite the fact that the underlying state case involves only Defendant and Saginaw Township, the notice names as additional plaintiffs the state court itself, the court's administrator, various police officers, Saginaw county, the state of Michigan, and CBL Associates (an entity apparently involved with the mall where the arrest occurred). (*Id.*, PageID.1.) All of these entities and individuals are "foreign to the United States Republic" and

---

[2] The state court pleadings are either blank due to poor copying quality or have not been provided. But Defendant has attached an unsigned pretrial release order describing the basic nature of the case. (ECF No. 1, PageID.59-61.)
[3] Available at https://library.municode.com/mi/saginaw_charter_township,_(saginaw_co.)/codes/code_of_ordinances?nodeId=COOR_CH38OFMIPR (last accessed Feb. 20, 2020).

2

the individuals are also "foreign to the organic Michigan Republic." (*Id.*, PageID.4-5.)

The notice goes on to mention a host of laws and legal concepts, but does nothing to relate them to the case. He claims that the state court "is an unconstitutional, private corporation" and that for some unexplained reason it did not provide him due process. (*Id.*, PageID.7-8.) Later, he explains that "my natural name has been murdered and I was resurrected as a non-natural, created entity subject to regulation and denied the protections of national and internal law. This constitutes Fraud and denies due process . . . ." (*Id.*, PageID.18.) The state court has no power because, Defendant asserts, "the statutes being applied are created from revised statutes and codes of a foreign and unidentified source, as they fail to show from what authority in law they exist, where they fail to show, on their face, the mandatory enacting clause." (*Id.*, PageID.16.) In addition, Defendant informs the reader that he lacks any contracts with the state court, Michigan, or the United States "that can grant jurisdiction over human rights; or over political, economic, social and cultural rights of Indigenous Peoples." (*Id.*)

**B.     Law and Analysis**

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party seeking to remove an action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a

case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Removal to federal court depends on the nature of the underlying case. Most frequently, civil actions are removed under 28 U.S.C. § 1441. A "criminal prosecution[]," on the other hand, can come to federal court under 28 U.S.C. § 1443. The latter course—described more below—is permissible "only in the rarest of circumstances." *Michigan v. Modena*, 2009 WL 198967, at *1 (W.D. Mich. Jan. 26, 2009).

Here, as noted, Defendant was arrested and charged with misdemeanor offenses for violating Saginaw Township ordinances. (ECF No. 1, PageID.59.) Thus, it would appear that the case is a criminal prosecution that can be removed, if at all, under § 1443.[4] Ultimately, however, it does not matter whether the state court case is characterized as civil or criminal because, for the reasons below, it fails under either label.

Section 1443 allows for removal of "civil actions" or "criminal prosecutions" in two circumstances: when the underlying case is (1) "[a]gainst any person who is denied or cannot

---

[4] In Michigan, "prosecutions for violations of ordinances are in a sense criminal, but . . . such violations are not criminal cases within the meaning of the statutes and rules for review by" the Michigan Supreme Court. *Huron Twp. V. City Disposal Sys., Inc.*, 44 Mich. 362, 365 (1995). Scant federal caselaw addresses whether state-court proceedings on municipal ordinance violations constitute civil actions under § 1441 or are instead considered criminal prosecutions per § 1443. *See generally City of Neodesha v. BP Corp. North Amer. Inc.*, 176 F. Supp. 3d 1233, 1244-45 (D. Kan. 2016) ("Some courts have found that actions to remedy violations of ordinances which seek to impose penalties to enforce a public right are not civil actions but are criminal or quasi-criminal in nature, and thus not removable [under § 1441]. . . . The Court has not uncovered recent cases which directly address whether a case alleging violation of a municipal ordinance constitutes a 'civil action' for purposes of removal based on diversity jurisdiction."); *see also Commonwealth of Pennsylvania v. Vora*, 204 F. App'x 134, 136 (3d Cir. 2006) ("Here, the citation is a proceeding before a district justice on a municipal code violation; it is not a state court criminal proceeding" for purposes of § 1443.).

4

enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States," and (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The latter provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not meet those qualifications and therefore cannot use § 1443(2) to establish this Court's jurisdiction.

Defendant fares no better with regard to § 1443(1). A party seeking removal must meet a two-pronged test: "First it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). It is not enough to invoke broad constitutional protections that would be violated by the criminal prosecution. *Id.* "Second, it must appear, in accordance with the provision of s 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the denial be manifest in a formal expression of state law,' . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (citations omitted). Thus,

> The vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828.

5

Here, Defendant has not met either prong of § 1443(1). Regarding the first, although he cites numerous laws, including some that relate to racial discrimination, (ECF No. 1, PageID.46), he makes no effort to explain how these laws have any application to this case. To the extent the notice gives any clue about Defendant's position, it appears to stem from the supposed legal implications of his status as a "Moorish-American." But such assertions have no legal basis. *Cf. Bey v. State*, 847 F.3d 559, 559-61 (7th Cir. 2017) (describing the Moorish sovereign citizen movement and noting that there is "no basis in fact" for their belief "that as a result of eighteenth-century treaties the United States has no jurisdiction over its Moorish inhabitants"); *Payne v. Kilda*, 2016 WL 491847, at *3-4 (E.D. Mich. Jan. 6, 2016) (noting that sovereign-citizen arguments are uniformly rejected), *rep. & rec. adopted by* 2016 WL 465486 (E.D. Mich. Feb. 8, 2016). As for § 1443(1)'s second prong, Defendant wholly fails to show that any rights will be denied in state court. Thus, § 1443 does not provide this Court with jurisdiction.[5]

Assuming that the case could be considered a "civil action," § 1441 becomes relevant. That statute allows state court defendants to remove "any civil action" to a federal district court that has "original jurisdiction" to hear the "action." 28 U.S.C. § 1441 It is well established that the statute thus permits removal only when the district court can exercise original jurisdiction over the precise action in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed

---

[5] For the same reasons, the case would be dismissed if the complaint could somehow be read to institute an original action against the named plaintiffs. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Any claims Defendant might have sought to raise against the individuals and entities he named are either indiscernible or rely on the sovereign-citizen style arguments that have no basis in fact or law.

to federal court by the defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same).

Only two potential bases of original jurisdiction exist in this case, either diversity or federal question jurisdiction. The first, under 28 U.S.C. § 1332, creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. Here, the only parties to the state court case are Saginaw Township and Defendant. The Township is considered a citizen of the state where it is located, *i.e.*, Michigan. *See Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97 (1972) ("It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). Defendant provides a Michigan address for his residence as well. (ECF No. 1, PageID.6; *see also id.*, PageID.62 (using the same address on the mailing envelop).) Consequently, there is no diversity of citizenship. *See Shelby Co., Tenn. Justice Comm'n & Court Administrations v. Bey*, 2014 WL 2827454, at *4 (W.D. Tenn. June 23, 2014) ("In his Notice of Removal, the only residential and mailing addresses Bey provides are Tennessee addresses. As a general rule, the place where a person lives is taken to be his proper domicile until the evidence stablishes the contrary. . . . Because Bey has not satisfied his evidentiary burden of establishing that his place of citizenship is different from that of his domicile, the court will treat Bey as a citizen of Tennessee."); *Leys v. Lowe's Home Ctrs, Inc.*, 601 F. Supp. 2d 908, 913 (W.D. Mich. 2009) ("Again because of the complaint and removal notice's failure to allege (let alone prove) facts needed to establish Lowe's citizenship, the court cannot find, based on the complaint, that Lowe's at the time of removal was not a citizen of Michigan. This is fatal to removal jurisdiction . . . .").

The second basis for original jurisdiction is federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "aris[e] under" federal law, providing federal question jurisdiction, in two ways. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). First, a federal law can create the plaintiff's cause of action. *Id.* Thus, in *American Well Works Co. v. Layne & Bowler Co.*, Oliver Wendell Holmes, Jr. wrote, "A suit arises under the law that creates the cause of action." 241 U.S. 257, 260 (1916). The readily apparent origin of the claim, state or federal, decides jurisdiction. Second, the Supreme Court has established that, in a narrow class of cases, federal jurisdiction exists where an important federal issue lies entangled at the heart of a state claim. *Gunn*, 133 S.Ct. at 1064-65. The basic rule guiding the analysis along both paths, called the well-pleaded complaint rule, determines the issue based on the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

The present matter involves local ordinances, not federal law. (ECF No. 1, PageID.59.) There is no suggestion that a federal question lurks anywhere near the case, let alone is so entwined with it that the court can exercise jurisdiction. The notice's copious recitals of legal provisions remain untethered, factually and legally, from the case. Consequently, federal-question jurisdiction does not exist.

  **C.**  **Conclusion**

For the reasons above, I conclude that the Court lacks jurisdiction and recommend **DISMISSING** the case. Plaintiff's IFP application would therefore become moot. (ECF No. 2.)

**III.** **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 25, 2020                    S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Airrick Bey at 823 North Mason Street, Saginaw, MI 48602.

Date: February 25, 2020                     By s/ Kristen Castaneda
                                            Case Manager